## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

YASMIN DIAZ,

    Plaintiff,

v.                                                              **Case No.**

AMORE LIMITED PARTNERSHIP and,
AMORE MANAGEMENT COMPANY,

                                      **JURY TRIAL DEMANDED**

    Defendants.

_____

## COMPLAINT

AND NOW comes Plaintiff, Yasmin Diaz, by and through her attorneys, Stewart, Murray & Associates Law Group, LLC, and hereby files the within Complaint and sets forth the following:

## INTRODUCTION

1. Plaintiff Yasmin Diaz brings her action against Amore Limited Partnership and Amore Management Company (hereinafter, "Defendants") alleging negligence and discrimination.

2. Plaintiff's negligence claim arises from Defendants' failure to properly maintain and manage their real property, an apartment complex known as Heritage Hills, causing Plaintiff to suffer personal injuries while touring the property.

3. Plaintiff's discrimination claim arises pursuant to the Fair Housing Act, 42 U.S.C. § 3601, et seq., § 3613, and Defendants' improper and illegal denial of Plaintiff's application to rent an apartment at Heritage Hills.

4. Plaintiff seeks declaratory, injunctive and monetary relief against Defendants pursuant to 28 U.S.C. §§2201 and 2202.

## JURISDICTION AND VENUE

5. This action is brought by Plaintiff to enforce Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 et seq. (the "Fair Housing Act").

6. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 3613.

7. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) in that this is the judicial in which Defendants reside, and in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

8. Plaintiff Yasmin Diaz is an adult individual who is a resident of Allegheny County, Pennsylvania. Plaintiff is Hispanic and therefore a member of a protected class under Federal laws prohibiting discrimination in housing pursuant to 42 U.S.C. § 3604.

9. Defendant Amore Limited Partnership and Defendant Amore Management Company are both Pennsylvania corporations headquartered at 4130 Monroeville Boulevard, Monroeville, Allegheny County, Pennsylvania 15146. At all relevant times, Defendants collectively owned, operated, maintained and/or controlled the Heritage Hills apartment complex located at Village Green Drive, Jefferson Hills, Allegheny County, Pennsylvania 15205.

## FACTS

10. In April 2015, Yasmin Diaz visited Pittsburgh, Pennsylvania from Puerto Rico after deciding to relocate to Pittsburgh in order to be closer to her daughter and grandchildren.

11. Mrs. Diaz applied to rent an apartment at Defendants' apartment complex, Heritage Hills, which was the same apartment complex where her daughter and grandchildren lived.

12. On April 23, 2015, Mrs. Diaz visited Heritage Hills to tour the apartment complex in connection with her rental application.

13. Mrs. Diaz and her family were escorted on the property by an employee of Defendants who led them down a concrete path outside of the building with apartment number 1137.

14. As they walked down the path, approaching three steps that are part of the path, they were startled by an unsupervised dog that began aggressively barking and moving toward them. The dog was left unsupervised in violation of the policies of Defendants for the Heritage Hills community.

15. Startled and unable to tell if the angry dog was on a leash, they were forced to quickly move away from the dog and toward the steps.

16. Unbeknownst to Mrs. Diaz, there existed a dangerous condition created by the maintenance, design, construction, and upkeep of the steps and railing on the path.

17. Additionally, these dangerous conditions existed for an extended period of time prior to April 23, 2015, and were known and/or should have been known to exist by Defendants, with sufficient time to remedy the dangerous conditions prior to April 23, 2015.

18. More specifically, the steps had improper/inadequate rise heights and spacing, and the railing was more of a split rail fence than a railing which could be grabbed by a person attempting to keep their balance.

19. While attempting to navigate down the steps, Mrs. Diaz fell to the ground when she slipped and/or lost her balance as a result of the condition of the steps and inadequate railing. Additionally, she fell as a result of the unsupervised dog.

20. Upon falling as noted above, Mrs. Diaz suffered serious injuries to her knee and shoulder which required ongoing treatment and rehabilitation. Mrs. Diaz also suffered from bruises, abrasions and injuries all over her body including, but not limited to her legs, arms, hands, and torso. Additionally, as a result of the fall from the dangerous conditions, Mrs. Diaz suffered from and continues to suffer emotional distress and depression.

21. It was not until after her fall that Mrs. Diaz realized that the dog, who continued barking, was on a leash tied to an object outside an apartment.

22. A short time later, the dog's owner emerged from his apartment and took the dog inside. Upon information and belief, the owner of the dog is an employee of Defendants.

23. It is against the pet policy at Heritage Hills to allow a dog outside unless the owner is also outside holding the dog on a leash. Furthermore, it is against the pet policy to tie a dog to any object outside the property.

24. There existed a dangerous condition created by the unsupervised dog as a result of Defendant's failure to enforce the Heritage Hills pet policy on its employee/tenant. The employee/tenant was regularly permitted to violate the policy in place regarding unsupervised pets.

25. This dangerous condition existed for an extended period of time prior to April 23, 2015, and was known and/or should have been known to exist by Defendant, with sufficient time to remedy the dangerous condition prior to April 23, 2015.

26. After her fall, on May 12, 2015, Mrs. Diaz was informed by Defendants that her application to rent an apartment at Heritage Hills had been declined.

27. Despite being a qualified applicant and the fact that apartments at Heritage Hills remained available, Mrs. Diaz was declined housing without any legally valid explanation from Defendants.

28. As a result of the improper and illegal denial of her application, Mrs. Diaz suffered pain, emotional distress and embarrassment, and was forced to find an apartment elsewhere, farther away from her daughter and grandchildren.

29. The acts and omissions as hereinafter set forth in each respective count were done by the Defendants and/or vicariously through its respective agents, servants and employees while engaged in the course and scope of their duties with Defendants and were the proximate cause of the injuries and discrimination suffered by Plaintiff Yasmin Diaz.

## COUNT I:
## NEGLIGENCE

30. Plaintiff incorporates the previous paragraphs above by reference as though the same were set forth at length herein.

31. At all material times Defendants were the owners/managers of the real property known as Heritage Hills located at Village Green Drive, Jefferson Hills, Allegheny County, Pennsylvania 15205, and were responsible for, and in control of, the construction, maintenance, upkeep and safety of the steps, railings, and outside premises at the property.

32. As set forth in more detail above, Plaintiff's injuries resulted from the dangerous condition on Defendants' premises.

33. At all times relevant herein, Defendants knew and/or should have known of the probability of an injury resulting from a fall caused by the dangerous condition of the steps and railing on the path outside of the building with apartment number 1137.

34. At all times relevant herein, Defendants operated and maintained the property in an effort to maximize profit by charging and collecting rent while failing to maintain the premises in a safe manner despite knowing of the dangerous condition of the steps and railing on the path.

35. The injuries of Mrs. Diaz and damages set forth herein were proximately caused by the negligence, carelessness and/or recklessness of Defendants (and by and through its agents, servants, workmen, employees, acting within the scope of their authority) in general and in the following particulars:

   a. Repeatedly and continuously permitting an employee/tenant to violate the pet supervision policies by leaving a dog unattended outside where individuals could be startled, scared, attacked or otherwise disturbed by the unattended and unsupervised animal;

   b. maintaining a dangerous condition on the premises;

   c. permitting an inherently dangerous condition to be present on the premises by failing to mark or otherwise differentiate or delineate the existence of the uneven stair surfaces;

   d. causing or permitting the existence of the uneven surfaces of stairs, in such a manner where it posed an unreasonable risk of injury to Mrs. Diaz and other people, visitors, workers and or persons present at the location;

   e. failing to make a reasonable inspection of the steps, railings and surrounding area on the premises, which would have revealed the existence of the dangerous condition posed by the dangerous steps and railing;

   f. failing to construct the steps in such a manner as to have proper width and depth of each step to avoid injury in the manner experienced by Mrs. Diaz;

   g. failing to provide adequate railings by the steps thereby making it difficult to hold on while attempting to go up or down the steps;

      h.      failing to construct the steps in such a manner as to have proper height and spacing between each step to avoid injury in the manner experienced by Mrs. Diaz;

      i.      failing to construct the path in such a manner as to have proper size, height, and other specifications of the railings by the steps to avoid injury in the manner experienced by Mrs. Diaz;

      j.      by both creating the hazardous condition which caused Mrs. Diaz's injuries and/or failing to take corrective action when it was known, or in the exercise of reasonable diligence should have been known, to exist;

36. Many of the particulars noted above were in existence for extended periods of time prior to April 23, 2015, but were not properly addressed by Defendants as Defendants were charging rent and ignoring safety hazards in an effort to maximize profits at the expense of the safety of their tenants and visitors to the premises.

37. As a direct and proximate result of Defendants' negligence, gross negligence and recklessness described above (including the effort to maximize profit at the expense of the safety of tenants and other individuals), Mrs. Diaz suffered physical injuries, pain, suffering, mental anguish, humiliation, out-of-pocket medical expenses and loss of capacity for the enjoyment of life, all of which may continue for an indefinite time into the future and may be permanent, including, but not limited to the following particulars:

      a.      Injuries to her knees;
      b.      Injuries to her shoulder;
      c.      Injuries to her foot;
      d.      Injuries to her hands,
      e.      Injuries to her back and spine;
      f.      Bruising and abrasions throughout her body;
      g.      Mental anguish;
      h.      Depression;
      i.      Other pain and suffering from the fall.

38. In causing the aforementioned injuries, Defendants knew, or should have known, that Mrs. Diaz could or would suffer such harm.

39. Accordingly, based on the gross negligence and recklessness of Defendants in an effort to maximize profit at the expense of safety to individuals including Mrs. Diaz, punitive damages should be levied against Defendants.

## COUNT II:
## VIOLATION OF THE FAIR HOUSING ACT 42 U.S.C. § 3613, ET SEQ.

40. Plaintiff incorporates the previous paragraphs above by reference as though the same were set forth at length herein.

41. Congress created the Fair Housing Act, 42 U.S.C. § 3601 et seq., as amended in 1988, to ensure that individuals are not discriminated against on the basis of, among other things, national origin, race or color in the sale or rental of housing.

42. Defendants, as owners/managers of Heritage Hills apartment complex are subject to the Fair Housing Act.

43. The above stated actions of Defendants made an apartment unavailable to Plaintiff because of Plaintiff's national origin, race or color in violation of 42 U.S.C. § 3604(a).

44. Defendants' actions therefore violated Plaintiff's rights under the Act, 42 U.S.C. § 3613.

45. Plaintiff has been injured by Defendants' discriminatory act and is an aggrieved person as defined in 42 U.S.C. § 3602(i).

46. Defendants' conduct was intentional, willful, and taken in reckless disregard of Plaintiff's rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for:

47. A Declaratory Judgment that Defendants' property was negligently maintained which caused dangerous conditions leading to Plaintiff's injuries;

48. A Declaratory Judgment that Defendants' decision to decline to rent an apartment to Plaintiff was discriminatory and violated Plaintiff's rights under the Fair Housing Act;

49. An Injunction that requires Defendants to maintain all exterior steps at their property in safe conditions and with proper handrails;

50. An Injunction that requires Defendants to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory housing practices in the future;

51. An award of monetary damages, including punitive damages;

52. Payment of costs of suit;

53. Payment of reasonable attorneys' fees pursuant to 42 U.S.C. § 12205 and;

54. The provision of whatever other relief the Court deems just, equitable and appropriate.

Dated:  February 18, 2016                             Respectfully Submitted,

*/s/ Carlos R. Diaz*
Carlos R. Diaz (PA 205177)
cdiaz@smalawgroup.com
Patrick Murray (PA 90996)
pmurray@smalawgroup.com
**STEWART, MURRAY & ASSOC. LAW GROUP, LLC**
437 Grant Street, Suite 600
Pittsburgh, PA 15219
Phone:  (412) 765-3345
Fax:  (412) 765-3346
www.smalawgroup.com